# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3361

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| TyDarryl Griffin, | * | **[PUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 12, 2005
Filed: August 15, 2005

_____

Before LOKEN, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

_____

PER CURIAM.

A few days before the Supreme Court decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), TyDarryl Griffin pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In the plea agreement, Griffin admitted a prior felony drug conviction and waived "all rights to appeal all non-jurisdictional issues including, but not limited to . . . whatever sentence is imposed," except departure issues. At sentencing, Griffin argued that <u>Blakely</u> rendered the Guidelines unconstitutional and precluded the district court from considering his prior conviction

because the government did not plead and prove it. The district court[1] overruled these objections and sentenced Griffin to 64 months in prison and two years of supervised release. Griffin appeals. Applying our appeal waiver decisions in light of the subsequent controlling decision in United States v. Booker, 125 S. Ct. 738 (2005), we dismiss the appeal.

Griffin argues that we should ignore the appeal waiver in his plea agreement because he entered into the agreement prior to the unexpected decision in Blakely. However, "[t]he fact that [Griffin] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver." United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005). The non-jurisdictional sentencing issue Griffin seeks to raise on appeal falls within the scope of the appeal waiver. Griffin does not challenge the appeal waiver as not knowing and voluntary or as a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 890-92 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). Therefore, we must enforce the appeal waiver and dismiss the appeal.[2]

The appeal is dismissed.

_____

_____

[1]The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri.

[2]We note that Griffin's sentencing argument also fails on the merits. Neither Booker nor Shepard v. United States, 125 S. Ct. 1254 (2005), altered the rule that both the fact and the nature of a prior conviction are issues for the sentencing court, not the jury. United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005). Moreover, Griffin admitted the prior felony drug conviction in his plea agreement; the district court may rely on a defendant's admissions in sentencing. Booker, 125 S. Ct. at 756.