United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41157
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR RODRIGUEZ-CASTILLO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-314-ALL
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Victor Rodriguez-Castillo pleaded guilty pursuant to a plea agreement to attempted reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b) and was sentenced to 18 months of imprisonment and three years of supervised release. He appeals his conviction and sentence.

For the first time on appeal, Rodriguez-Castillo contends that he was illegally sentenced pursuant to the formerly mandatory sentencing guidelines regime, in violation of United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Booker, 125 S. Ct. 738 (2005). Rodriguez-Castillo's plea agreement contained a waiver-of-appeal provision by which he waived "the right to appeal the sentence imposed or the manner in which it was determined," except for a sentence above the statutory maximum or an upward departure from the applicable guidelines range. At his rearraignment, the magistrate judge incorrectly told him that he retained the right to appeal an "illegal sentence." Rodriguez-Castillo does not dispute the voluntariness of his plea. However, because we have considered the waiver issue as a jurisdictional matter, we raise this aspect of the waiver issue sua sponte. See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001). Because the magistrate judge inaccurately described the waiver provision, Rodriguez-Castillo's waiver cannot be deemed knowing and voluntary with respect to an "illegal sentence." See FED. R. CRIM. P. 11(b)(1)(N); United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999).

Sentencing a defendant pursuant to a mandatory guidelines scheme, standing alone, constitutes "Fanfan" error, and such an error is "plain." See Booker, 125 S. Ct. at 769; United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). Rodriguez-Castillo makes no argument, and "there is no indication in the record from the sentencing judge's remarks or otherwise" that the court would have imposed a different sentence under an advisory guidelines regime. United States v. Mares, 402 F.3d 511, 522 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517).

Because Rodriguez-Castillo has not shown that the error affected his "substantial rights," see id. at 521, he has not demonstrated plain error.

Rodriguez-Castillo also argues that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant. Rodriguez-Castillo concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'" United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted).

AFFIRMED.