**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 04-2246

UNITED STATES,

Appellee,

v.

YIRIS QUIRINDONGO-COLLAZO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Lipez, Circuit Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

Ryan Thomas Truskoski on brief for appellant.
H.S. Garcia, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney and Jacqueline D. Novas, Assistant United States Attorney on brief for appellee.

January 23, 2007

**Per Curiam**.  Appellant Yris Quirindongo-Collazo executed his plea agreement before <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296 (2004), was decided.  He was sentenced after <u>Blakely</u> but before the United States Supreme Court decided <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005).  While appellant's direct appeal was pending in this court, the <u>Booker</u> decision was announced.  Appellant now seeks to set aside his sentence pursuant to <u>Booker</u>.

In his opening brief to this court, appellant failed to mention that his plea agreement contained an appeal waiver, and he failed to present any argument for setting aside the waiver. Rather, after the government filed its motion for summary dismissal based on the waiver, appellant filed a reply brief in which he attempted to summarily adopt his co-appellant's[1] opening brief argument regarding *his* appeal waiver, citing Fed. R. App. P. 28(i). Appellant's opening brief also argues, irrelevantly, that <u>United States</u> v. <u>Antonakopolous</u>, 399 F.3d 68 (1st Cir. 2005), is wrongly decided and that appellant is entitled to *de novo* or harmless error review.

Under stare decisis principles, this panel cannot overrule <u>Antonakopoulos</u>, nor is there the least reason here to consider doing so.  Quite apart from <u>Antonakopoulos</u>, however, appellant is entitled to the harmless error standard he seeks.  As we stated immediately following the <u>Booker</u> decision, in cases

---

[1]   <u>United States</u> v. <u>Nisbett-Joseph</u>, Appeal No. 04-1539.

available to counsel before appellant's opening brief was filed with this court, harmless error review is applied in cases where the defendant has properly preserved a claim of Booker error in the district court. United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005); see also United States v. Vazquez-Rivera, 407 F.3d 476, 489 (1st Cir.), cert. denied, 126 S. Ct. 279 (2005). The record here plainly shows that, at the sentencing hearing, defense counsel[2] objected to appellant's sentence on Blakely grounds, and the district court assured appellant his objections were "preserved." In its opening brief, the government properly identified and argued the harmless error standard of review.

Before this court can review appellant's sentence under the harmless error rubric, however, we must determine whether appellant's pre-Blakely appeal waiver should be enforced. Setting aside the question of whether Rule 28(i) permits an appellant, in his reply brief, to adopt an argument presented in a co-appellant's opening brief, as a general rule we have held that "legal argument made for the first time in an appellant's reply brief comes too late and need not be addressed." United States v. Brennan, 994 F.2d 918, 922 n.7 (1st Cir. 1993). Under Massaro v. United States, 538 U.S. 500, 508 (2003), however, in view of the "obvious deficiencies in representation" in appellate counsel's failure to mention the appeal waiver or raise the issue of its enforceability

---

[2] Different counsel represents appellant in this appeal.

-3-

in appellant's opening brief, we will exercise our discretion to consider appellant's late-raised argument that his appeal waiver is unenforceable.

After careful review of the record and applying the three-part test described in United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001), we conclude that the appeal waiver is unenforceable, although not for the reasons argued by appellant. As we explained in United States v. Soto-Cruz, 449 F.3d 258, 262 (1st Cir. 2006), the mere fact that Booker was decided after appellant entered into his appeal waiver does not "somehow ... render the enforcement of his appeal waiver a miscarriage of justice." Where, as here, a defendant has stipulated to the sentencing facts, agreed to be sentenced pursuant to the then-mandatory guidelines, and is in fact sentenced as specified in the plea agreement, the subsequent change in the law announced in Booker, without more, provides no basis for setting aside the sentence. Soto-Cruz, 449 F.3d at 262 (citing United States v. Griffin, 418 F.3d 881, 882 (8th Cir. 2005) ("The fact that [the defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of the waiver.")).

In this case, it is clear from the record that Teeter's first prong has been satisfied. The written plea agreement clearly

sets forth the terms of the appeal waiver.[3]  257 F.3d at 24. Compliance with <u>Teeter</u>'s second prong is, however, far more doubtful.  <u>Teeter</u>'s second prong requires that the district court, at the change of plea hearing, "call the waiver to the defendant's attention and question him closely in order to ensure that he has a full understanding of the waiver provisions and that he has voluntarily elected to waive his right of appeal."  <u>United States</u> v. <u>Gil-Quezada</u>, 445 F.3d 33, 36 (1st Cir. 2006) (citing <u>Teeter</u>, 257 F.3d at 24, and Fed. R. Crim. P. 11(b)(1)(N) (requiring such a colloquy)).  The transcript of appellant's change of plea hearing indicates that the magistrate judge asked just one question about the appeal waiver, as follows:

> THE MAGISTRATE: Very well, also this plea agreement contains an important section ... and it reads as follows.
>
> "If the court accepts the terms and conditions within this plea agreement, then you will be waiving and giving up your right to appeal your judgment of conviction and also the sentence imposed by the court", do you understand that?
>
> MR. QUIRINDONGO: Yes.

This is the only mention of the appeal waiver during the change of plea colloquy.  Moreover, the magistrate judge failed to mention

---

[3]  "The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal the judgment and sentence in this case."  The plea agreement contains no exceptions or qualifications to this broad language.

the appeal waiver in her Report and Recommendation to the district court.

At the sentencing hearing, after defense counsel voiced his Blakely objections, the judge, defense counsel, the government, and the probation officer had an extensive discussion premised on the assumption that appellant could and would appeal. During this discussion, there was no mention by any party of the appeal waiver, nor of any effect that waiver might have on appellant's right to appeal. The court described the contemplated appeal as appellant's unqualified "right" and repeatedly stated that the issues were preserved for appeal so that "[i]f the defendant wishes to raise them on appeal, he is free to do so." At the close of the sentencing hearing, directly contrary to Teeter's teaching to avoid "blanket assurance[s] about the right to appeal," 257 F.3d at 25, the court gave detailed instructions pursuant to Fed. R. Crim. P. 32(c)(5) concerning appellant's appeal rights, including how and when to file a notice of appeal. The statements made at appellant's sentencing hearing went well beyond the kinds of general assurances we have determined in other cases had no effect on a knowing and voluntary waiver. See, e.g., United States v. Gil-Quezada, 445 F.3d 33, 36-37 (1st Cir. 2006) (judge's general comments at sentencing had no bearing on whether appellant knowingly and voluntarily waived his appellate rights when he entered his guilty plea four months earlier); United States v. De-

La-Cruz Castro, 299 F.3d 5, 12 (1st Cir. 2002) (judge's comment that appellant could appeal "in some circumstances," viewed in context, did not contradict waiver). We thus conclude that this is one of those isolated and extraordinary situations where an appeal waiver was and, in the interest of justice, should be held, ineffective.

Turning now to the record, we cannot conclude that the Booker error in appellant's sentencing was harmless beyond a reasonable doubt. Vazquez-Rivera, 407 F.3d at 489-90; United States v. Fornia-Castillo, 408 F.3d 52, 73 (1st Cir. 2005). "We must be convinced that a lower sentence would not have been imposed had the Guidelines been advisory. This is an extremely difficult, but not impossible, standard to meet." Vazquez-Rivera, 407 F.3d at 489-90. That appellant stipulated to the sentencing facts "would not be sufficient to show beyond a reasonable doubt that the judge, acting under an advisory Guidelines system, would have applied the same sentence on the basis of those factors," id., particularly here, where the stipulated drug quantity attributed to appellant in his plea agreement exposes him to a mandatory minimum sentence of five years, 21 U.S.C. § 841(b)(1)(B), and he was sentenced to 121 months -- the minimum allowed under the then-mandatory guidelines.

In the very unique circumstances of this case, we therefore decline to enforce the appeal waiver. The conviction is affirmed, but the sentence is vacated and the case is remanded for

-7-

resentencing.  We intimate no view on whether appellant should receive a higher or lower sentence on remand, or on the reasonableness of his previous sentence or on any revised sentence.