**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4097**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

DANNY LEE FLECK,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Andre  M.  Davis,  District  Judge.
(1:04-cr-00491-AMD)

Submitted:  March 19, 2009          Decided:  April 7, 2009

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donald  Kaplan,  Baltimore,  Maryland,  for  Appellant.  Rod  J.
Rosenstein,  United  States  Attorney,  Harry  Mason  Gruber,  Andrew
George  Warrens  Norman,  Assistant  United  States  Attorneys,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Lee Fleck appeals his convictions for sexually exploiting minors and attempting to transport sexually explicit images of minors and his resulting 168-month sentence. On appeal, his counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but raising claims of ineffective assistance of counsel, voided guilty plea, and improper sentence. Fleck has filed a pro se supplemental brief, rearguing the ineffective assistance claim and challenging the denial of his motion to suppress and the validity of his guilty plea. We affirm.*

Counsel raises the issue of ineffective assistance of counsel but does not direct the court's attention to any specific portion of the proceeding. In his pro se supplemental brief, Fleck asserts that counsel withdrew a challenge to the number of victims for sentencing purposes without his consent and that his attorney pushed him into pleading guilty without properly explaining the plea. On direct appeal, we may address a claim that counsel was ineffective only if the ineffectiveness

_____

* There is some confusion in the record as to the scope of Fleck's waiver of appellate rights in his plea agreement. However, since the Government has not filed a motion to dismiss based upon the waiver, we will consider the merits of Fleck's appeal.

2

appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). In this case, there is no conclusive indication from the record that Fleck's counsel was ineffective. Accordingly, this claim is without merit.

Fleck next asserts that, because his waiver of appellate rights was not knowing or intelligent, his guilty plea and plea agreement were void. While a mistake as to an essential element of a plea agreement can invalidate the agreement, an appellate waiver is not an essential element. See United States v. Barnes, 83 F.3d 934, 938 (7th Cir. 1996) (listing essential elements). Even were we to invalidate the waiver itself (which is an irrelevant issue since we are not enforcing the waiver due to the Government's failure to raise it), permitting an appeal would not require voiding the plea agreement and conviction. See United States v. Quirindongo-Collazo, 213 F. App'x 10, 13 (1st Cir. 2007) (voiding waiver and remanding for resentencing but affirming conviction); United States v. Rodriguez-Castillo, 147 F. App'x 406, 407-08 (5th Cir. 2005) (finding appellate waiver partially involuntary but affirming sentence and conviction). Accordingly, any confusion regarding the waiver does not require vacating Fleck's conviction.

Fleck asserts that the district court's failure to state the Guidelines range at sentencing rendered his sentence unreasonable. However, the Guidelines range was stipulated to prior to sentencing. In addition, the Government explicitly outlined the range at sentencing, and Fleck and the district court proceeded with sentencing based upon that range. We conclude that Fleck's claim is frivolous.

In his pro se supplemental brief, Fleck asserts that his initial stop in the airport which led to his arrest was improper. Fleck's motion to suppress was denied by the district court, and Fleck's guilty plea did not reserve the right to challenge this ruling. An unconditional plea of guilty waives subsequent review of most pretrial issues preceding a voluntary plea. See United States v. Broce, 488 U.S. 563, 569 (1989); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Accordingly, we may not review the denial of Fleck's motion to suppress. See United States v. Bell, 966 F.2d 914, 915-17 (5th Cir. 1992).

Finally, Fleck contends that his plea was involuntary because he was "confused" and "pushed by the prosecution threats." At the Fed. R. Crim. P. 11 hearing, Fleck stated that he "wanted to get this over with," that he was "ready to accept this," and that he had no complaints with his attorney. His counsel informed the court that Fleck was making an intelligent

4

and knowing decision to plead guilty but that Fleck was not happy about it because he felt that the law in question should not cover his conduct. Fleck stated that he read the plea agreement, understood it, and reviewed it with his attorney. He agreed with the Government's statement of facts, and he conceded that the Government could prove his guilt regarding each of the elements of the charges against him.

Fleck's assertions on appeal are not supported by the transcript of the Rule 11 hearing. Moreover, they are conclusory and conflicting. Accordingly, we find that his statements on appeal are insufficient to call into question his sworn testimony at the Rule 11 hearing that established his voluntary and intelligent plea.

We have carefully reviewed the record in this case in accordance with Anders, and we find no reversible error. Accordingly, we affirm Fleck's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED