# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3351

_____

United States of America,           *
                                    *
            Appellee,               *
                                    *   Appeal from the United States
      v.                            *   District Court for the Western
                                    *   District of Arkansas.
Robert Lee Varnedore,               *
                                    *
            Appellant.              *

_____

Submitted: June 20, 2005
Filed: September 13, 2005

_____

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

        Robert Lee Varnedore pled guilty to a charge of possession of stolen firearms and was sentenced by the district court.[1]  Varnedore appeals his sentence arguing that it was imposed in violation of the United States Supreme Court's decision in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004).  We affirm.

_____

        [1] The Honorable Robert T. Dawson, United States District Court Judge for the Western District of Arkansas.

## I. Background

On June 8, 2004, Robert Lee Varnedore entered a guilty plea to one count of possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). In exchange for his plea, prosecutors dismissed two other counts related to unlawful firearms possession. The district court accepted the plea and ordered a Pre-Sentence Report ("PSR"). The PSR recommended that the court impose three enhancements to Varnedore's sentence.

Blakely was issued after Varnedore entered his plea, but prior to his sentencing, which took place on September 16, 2004. On September 7, 2004, Varnedore submitted to the court a "Supplemental Objection to the PSR Based on 'Blakely Ruling.'" In this document, Varnedore objected to two specific paragraphs of the PSR which recommended particular enhancements to his sentence.[2]

At sentencing, the district court stated, "at the request of Mr. Varnedore, I'm going to rely upon the [United States Sentencing] Guidelines as simply being advisory in connection with any sentence I may impose, but you will be sentenced

---

[2] The first objection was to paragraph 15 of the PSR which stated:

Specific Offense Characteristics: The defendant was in possession of at least three firearms; therefore, the offense level is increased by two (2) levels pursuant to USSG § 2K2.1(b)(1)(A).

The second objection was to paragraph 17 which stated:

Specific Offense Characteristics: The defendant used a firearm in connection with the kidnaping, rape and assault of two female victims on December 21, 2001. The offense level is increased by four (4) levels, pursuant to USSG § 2K2.1(b)(5).

within the statutory range I previously listed for you."[3]  The district court sentenced Varnedore to 63 months imprisonment, with 32 months consecutive to, and 31 months concurrent with, a 115-month sentence from the United States District Court for the Northern District of Oklahoma.  The entire sentence was to be served concurrent with a 240-month state of Arkansas sentence.[4]

## II.  Analysis

Because the district court treated the Guidelines as advisory, its sentence is consistent with United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 750 (2005). Varnedore argues that his sentence nonetheless violates Blakely because the district court, in determining the Guidelines' recommended sentence, relied on facts that "were neither admitted by petitioner nor found by a jury."  This court has previously stated, however, that "the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence." United States v. Haack, 403 F.3d 997, 1002 (8th Cir. 2005) (adopting language from United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)).[5]  This court also noted in United

---

[3] The statutory range previously discussed by the court was up to ten years imprisonment, which could have been consecutive with, or concurrent to, Varnedore's sentence from the United States District Court for the Northern District of Oklahoma.

[4] Each of these sentences stemmed from events that occurred on or about December 21, 2001, when Varnedore traveled between Oklahoma and Arkansas. The federal sentence in Oklahoma was also related to possession of firearms while the state sentence in Arkansas was for robbery, kidnaping, and sexual assault.

[5] The Haack court also quoted additional language from Crosby which stated:

The applicable Guidelines range is normally to be determined in the same manner as before Booker/Fanfan.  Moreover, although the Court in the Substantive Opinion prohibits a sentencing judge from finding

States v. Pirani that: "Nothing in <u>Booker</u> suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime." 406 F.3d 543, 552 n.4.

Although Varnedore objected to judicial fact-finding by the district court, he did not offer any objection to the court's calculation of the Guidelines' recommended sentence of 63 to 78 months in custody. The district court subsequently sentenced Varnedore to 63 months, and there is nothing in the record to suggest that this sentence was unreasonable. As such, the sentence does not contain any <u>Booker</u> error. <u>Pirani</u>, 406 F.3d at 551 ("[T]he district court could have avoided <u>Booker</u> error by declaring the Guidelines advisory . . . , determining the guidelines sentencing range in the manner we have now upheld, and then imposing a 'reasonable' sentence.")

## III.  Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____

---

any facts that enhanced a Guidelines sentence above the range that is based solely on facts found by the jury in its verdict or admitted by the defendant, the Court in its Remedy Opinion contemplates that, with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection. Thus, the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence.

<u>Haack</u>, 403 F.3d at 1003 (quoting <u>Crosby</u>, 397 F.3d at 112).