# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1383

———————

United States of America,

   Plaintiff - Appellee,

v.

Rodolfo Tablas-Rodriguez,

   Defendant - Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*    [UNPUBLISHED]
\*

———————

Submitted: December 12, 2005
Filed:  December 20, 2005

———————

Before BYE, BEAM, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

  Rodolfo Tablas-Rodriguez pleaded guilty to one count of conspiracy to distribute more than five hundred grams of a mixture containing methamphetamine in violation of 18 U.S.C. §§ 841(b)(1)(A) & 846. He appeals the sentence imposed by the district court[1] as unreasonable. We affirm.

  In April 2003, Tablas-Rodriguez was arrested with two others for distributing methamphetamine from Minneapolis to Des Moines, Iowa. The district court adopted

_____

  [1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

the Presentence Investigation Report, which indicated the correct United States Sentencing Guideline range was 108 to 135 months of imprisonment, after taking into account a two-level decrease under Section 2D1.1(b)(7) and a three-level decrease for acceptance of responsibility. Additionally, the government moved for a downward departure on the basis of substantial assistance.

At sentencing, the district court acknowledged the advisory nature of the Guidelines and correctly used the range as a starting point. See United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005) ("Thus, the sentencing court must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the imposition of a sentence."). The court noted the applicable range was "fully consistent with the purposes of sentencing in this instance." The government recommended a 15% percent downward departure for substantial assistance and Tablas-Rodriguez requested a 50% departure. The district court sentenced him to seventy-five months, or a departure of roughly 30%.

Because Tablas-Rodriguez was sentenced under an advisory Guidelines system, we review his sentence for reasonableness. United States v. Winters, 416 F.3d 856, 859 (8th Cir. 2005). This analysis begins by determining, as the district court did, the proper range under the Guidelines. Haack, 403 F.3d at 1002-03. Neither party disputes the district court calculated the correct Guideline range.

The sentence imposed is not unreasonable. The district court started its analysis on the low end of the Guidelines after considering the "purposes of sentencing." It also noted it found no other basis for "making any departures from that [G]uideline range other than the motion for reduction for substantial assistance." Because there is "nothing in the record to suggest that this sentence is unreasonable," United States v. Varnedore, 422 F.3d 1143, 1145 (8th Cir. 2005), we affirm.

_____