# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1878

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Lester Dale Perry, also known as | * | |
| Duane Thomas Stamps, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2005
Filed: February 14, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Lester Dale Perry (Perry) appeals the district court's[1] denial of his motion to suppress, and the court's decision to sentence Perry based on Perry's two prior felony drug convictions. We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

## I.    BACKGROUND

On July 26, 2003, Perry, a federal fugitive at the time, was arrested by the Arkansas State Police and taken into custody. While Perry was in custody, the police conducted an illegal search of a vehicle located in the curtilage of Perry's residence.[2] At the jail, the police presented Perry with a consent to search form which Perry signed. The police returned to and searched Perry's residence with Perry present, and found six firearms. Perry cooperated with officers in the search, disclosing some of the hidden firearms. Perry was indicted for being a felon in possession of a firearm and being a fugitive in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 922(g)(2), respectively.

After being indicted, Perry filed a motion to suppress, claiming his consent to search his residence was not voluntary. During the suppression hearing, Perry admitted to pleading guilty previously to two felony drug trafficking offenses. The district court denied Perry's motion, holding the totality of the circumstances demonstrated Perry's consent was voluntary, and sufficiently voluntary to purge the primary taint of the earlier illegal search. Perry pled guilty, preserving his suppression issues, and at sentencing he objected to the Presentence Investigation Report's (PSR) use of his two prior felonies for controlled substance offenses in calculating the recommended base offense level under the Sentencing Guidelines. See U.S.S.G. § 2K2.1(a)(2). The district court, relying on the PSR, concluded Perry had committed his instant offense after two prior felony convictions for controlled substance offenses, and sentenced Perry to a term of ninety-two months' imprisonment on the indictment and an additional eight months under 18 U.S.C. § 3147.

---

[2]Police opened the tailgate of one vehicle to access the vehicle identification number. We assume, without deciding, the search was illegal.

## II. DISCUSSION

### A. Motion to Suppress

We review for clear error the district court's determination that Perry's consent to search his residence was voluntary. See United States v. Poulack, 236 F.3d 932, 936 (8th Cir. 2001). "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). Factors relevant to the voluntariness of a defendant's consent include: (1) the defendant's age; (2) the defendant's general intelligence and education; (3) whether the defendant was intoxicated or under the influence of drugs when he consented; (4) whether the defendant consented after being informed of his right to withhold consent or of his rights under Miranda v. Arizona, 384 U.S. 436 (1966); (5) whether, because the defendant had been previously arrested, he was aware of the protections afforded to suspected criminals by the legal system; (6) whether the defendant was detained and questioned for a long or short time; (7) whether the defendant was threatened, physically intimidated, or punished by police; (8) whether the defendant relied upon promises or misrepresentations made by the police; (9) whether the defendant was in custody or under arrest when the consent was given; (10) whether the defendant was in a public or secluded place; and (11) whether the defendant objected to the search or stood by silently while the search occurred. United States v. Chaidez, 906 F.2d 377, 381 (8th Cir. 1990).

We conclude ample evidence supports the district court's conclusion Perry voluntarily consented to the search of his residence. Perry is an older adult with a lengthy criminal record. He was free from chemical impairment at the time of consent. While the police did not recite Perry's Miranda rights before his consent, Perry admitted he was familiar with the warnings from his extensive experience with police investigations.[3] Perry was detained for a short time before consenting, he was

---

[3]Perry separately claims the fact he was not given Miranda warnings invalidates his consent. "We have never held that a request to search must be preceded by

-3-

not mistreated by the officers, and he attended the search without objection. The totality of the circumstances demonstrates Perry's consent was voluntary.

Perry alternatively claims his consent was involuntary, given the taint of the prior illegal search of the vehicle in the curtilage of his residence. A defendant's consent to a search may be sufficiently voluntary "to purge the primary taint of the illegal seizure." See United States v. Yousif, 308 F.3d 820, 830 (8th Cir. 2002). In making this determination, we consider: "(1) the temporal proximity between the illegal search or seizure and the consent, (2) the presence of intervening circumstances, and (3) the purpose and flagrancy of the official misconduct." Id. (citing Brown v. Illinois, 422 U.S. 590, 603-04 (1975)).

We conclude the earlier illegal search did not contaminate Perry's voluntary consent. Unlike the traffic stop in Yousif, where minimal time elapsed between the initial illegal stop and the defendant's consent to a search of the vehicle, see id. at 831, here, considerable time passed between the illegal search and the consent (at least enough time for the officer who discovered the stolen vehicle to drive to the jail, inform officers of his discovery, and prompt a request to search the residence). The officer who requested Perry's consent advised Perry he had the right to refuse to consent to the search. "Such an intervening circumstance supports the voluntariness of appellant's consent indicating that the [officer] was not attempting to exploit an illegal situation." United States v. Moreno, 280 F.3d 898, 901 (8th Cir. 2002) (citing United States v. Ramos, 42 F.3d 1160, 1164 (8th Cir. 1994)). Finally, there is simply

---

Miranda warnings, or that a lack of Miranda warnings invalidates a consent to search." United States v. Payne, 119 F.3d 637, 643 (8th Cir. 1997).

no evidence of misconduct on the officers' part. Therefore, we affirm the district court's order denying Perry's motion to suppress.

### B. Sentencing

Perry challenges his sentence on three grounds. Perry argues the district court erred (1) in finding not only the fact of his prior convictions, but also the nature of those convictions (specifically, that the convictions were for controlled substance offenses); (2) in following Almendarez-Torres v. United States, 523 U.S. 224 (1998) (justifying use of prior convictions to boost a defendant's sentence), which has implicitly been overruled; and (3) in relying on the PSR as evidence of his prior convictions.

We review for clear error a district court's factual determination whether a defendant has a prior felony conviction for a controlled substance offense pursuant to U.S.S.G. § 2K2.1(a)(2). See United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005); cf. United States v. Walterman 343 F.3d 938, 940 (8th Cir. 2003) ("Generally, a district court's determination of whether a defendant's prior convictions qualify him as a career offender is factual, and thus we review for clear error."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quotation omitted). The application of the facts to the Guidelines is reviewed de novo. Mathijssen, 406 F.3d at 498.

Perry first claims the district court violated his Sixth Amendment rights when the court found both the fact and nature of his prior convictions. Perry contends Booker's exception for prior convictions applies only to the fact a prior conviction exists, but not to the nature of that conviction. See United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 756 (2005). Perry's argument fails. We have held post-Booker that the nature of a conviction is treated the same as the fact of a conviction for purposes of Sixth Amendment analysis. See United States v. Griffin, 418 F.3d 881,

882 n.2 (8th Cir. 2005) (per curiam) (noting <u>Booker</u> did not " alter[] the rule that both the fact and the nature of a prior conviction are issues for the sentencing court, not the jury"); <u>cf.</u> <u>United States v. Marcussen</u>, 403 F.3d 982, 984 (8th Cir. 2005) ("Once the sentencing court determines that a prior conviction exists, it is a legal question for the court whether the crime meets the 'crime of violence' definition of [U.S.S.G.] § 4B1.2.").

Perry also claims the district court erred by enhancing his sentence based on his two prior felony drug trafficking offenses because, according to Perry, the Supreme Court in <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254 (2005), implicitly overruled <u>Almendarez-Torres</u>, thereby making it error to enhance a sentence based on prior convictions. <u>See</u> <u>Shepard</u>, 125 S. Ct. at 1264 (Thomas, J. concurring) ("[A] majority of the Court now recognizes that <u>Almendarez-Torres</u> was wrongly decided."). We disagree. Our court has held "we are bound by <u>Almendarez-Torres</u> until the Supreme Court explicitly overrules it." <u>United States v. Torres-Alvarado</u>, 416 F.3d 808, 810 (8th Cir. 2005).

Finally, Perry claims the district court erred by relying on the PSR to find Perry twice had committed prior felonies for controlled substance offenses, thereby justifying imposition of a higher base offense level under the Guidelines. The district court incorrectly relied on the PSR, as Perry claims. <u>See</u> <u>Shepard</u>, 125 S. Ct. at 1257 (clarifying limitations on what evidence a district court may consider in determining whether a conviction for burglary based on an earlier guilty plea qualifies as a violent felony under the Armed Career Criminal Act). Given the record as a whole, however, we do not find the district court's ultimate finding clearly erroneous. <u>Shepard</u> instructs that in determining the nature of a prior conviction to which a defendant pled guilty, a court may look only "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." <u>Shepard</u>, 125 S. Ct. at 1263. The existence in this case of a "comparable judicial record" is unmistakable. During the hearing on his

motion to suppress, Perry admitted, under oath, two prior felony convictions for drug trafficking offenses, one in a Texas federal court and one in a Florida federal court. Thus, however inappropriate the district court's stated ground was for its finding, based on the record as a whole before us, the substance of that finding was not clearly erroneous.

## III.  CONCLUSION

For the reasons stated, we affirm Perry's conviction and sentence.

_____