# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1588

_____

United States of America,

        Appellee,

v.

Frank Leonard Penny,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: March 28, 2007
Filed: March 29, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Frank Leonard Penny challenges the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm. Penny, who is represented by counsel, has filed several motions asking this court to accept his pro se filings, in which he raises additional claims. We grant Penny's motions, and we affirm.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Pursuant to a written plea agreement, Penny pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The probation officer who prepared the presentence report recommended enhancing Penny's sentence after concluding that Penny was an armed career criminal due to his state felony convictions for theft of a motor vehicle, fleeing police in a motor vehicle, second degree assault, and hit and run. See 18 U.S.C. § 924(e) (defendant with three felony convictions for violent felony or serious drug offense, or both, is armed career criminal; providing for minimum sentence of 15 years in prison); U.S.S.G. § 4B1.4(a) (any defendant with three prior violent felonies or serious drug offenses, as defined in 18 U.S.C. § 924(e)(1), is armed career criminal). The probation officer further recommended assessing a base offense level of 34 because Penny had been arrested on the instant offense after an informant entered his vehicle to purchase $450 worth of cocaine base, and a subsequent search revealed the firearm hidden in the rear portion of the car's passenger compartment. See U.S.S.G. § 4B1.4(b)(3)(A) (mandating offense level of 34 if firearm was possessed "in connection with" another felony offense). Over Penny's objections, the district court imposed both enhancements and sentenced him to 110 months in prison and 5 years of supervised release.[2]

At the outset, we disagree with the government that Penny waived the right to raise the arguments he pursues in this appeal. See United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc) (burden of proof is on government to show that issue raised on appeal is "clearly and unambiguously" within scope of agreement; where agreement is ambiguous, it must be strictly construed against government). Penny's plea agreement contained a general appeal waiver "unless the Court sentences the defendant as an Armed Career Criminal." Penny was so sentenced, and thus by

---

[2]Penny's sentence reflected a significant downward departure in recognition of his substantial assistance to the government.

its terms--and construing any ambiguity against the government--the appeal waiver does not apply.

For reversal, Penny first argues that the district court erred in finding that the firearm at issue was connected to another felony offense, namely, his attempted delivery of cocaine base. We find no clear error in the district court's determination. See United States v. Mack, 343 F.3d 929, 936 (8th Cir. 2003) (standard of review). It is undisputed that the gun was found hidden in the car where Penny attempted to sell cocaine base to an informant. Penny claims that the gun was left in the car by a friend for Penny's protection, unrelated to the transaction, and that the gun was not readily accessible to him. The district court was free to consider, however, that the gun's proximity to Penny and the drugs during the would-be drug transaction had the purpose or effect of facilitating that felony offense. See United States v. Jones, 327 F.3d 654, 657-58 (8th Cir. 2003) (upholding U.S.S.G. § 2K2.1 enhancement for possessing firearm in connection with another felony offense, where approximately 30 ounces of crack were found under vehicle's driver seat and firearm was recovered from duffel bag in trunk; close physical proximity of the two provided sufficient nexus to support enhancement).[3]

Penny also takes issue with the district court's conclusion that he had three qualifying predicate offenses triggering armed-career-criminal status. We disagree. Penny concedes that his prior conviction for second-degree assault was a violent felony for purposes of sections 924(e) and 4B1.4, and circuit precedent establishes that his convictions for theft of a motor vehicle and fleeing a police officer are similarly both violent felonies. See United States v. Sun Bear, 307 F.3d 747, 752-53 (8th Cir. 2002) (theft of motor vehicle is crime of violence for purposes of career offender status under U.S.S.G. § 4B1.2); United States v. Kendrick, 423 F.3d 803,

---

[3]The analysis of whether a firearm is possessed "in connection with" another offense is the same under U.S.S.G. §§ 4B1.4(b)(3)(A) and 2K2.1. United States v. Howard, 413 F.3d 861, 865 (8th Cir. 2005).

808-09 (fleeing police officer is crime of violence for purposes of § 4B1.2); <u>United States v. Sprouse</u>, 394 F.3d 578, 580 (8th Cir. 2005) (definition of "crime of violence" under § 4B1.2 and "violent felony" under § 924(e) is identical; same analysis applies to both determinations).

Last, Penny argues that his Fifth and Sixth Amendment rights were violated because his armed-career-criminal predicate offenses were neither alleged in the indictment nor proven to a jury beyond a reasonable doubt, and the enhancement for possessing a firearm in connection with another felony offense had to be either admitted to by him during his plea hearing or proven to a jury. These arguments are likewise foreclosed by our cases. <u>See United States v. Pirani</u>, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc) ("Nothing in <u>Booker</u> suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime."); <u>United States v. Varnedore</u>, 422 F.3d 1143, 1144 (8th Cir. 2005) (sentencing judge is entitled to act as fact-finder for purpose of sentencing); <u>United States v. Perry</u>, 437 F.3d 782, 786-87 (8th Cir. 2006) (district court's determination of fact and nature of prior convictions for sentencing purposes does not run afoul of <u>Booker</u> or <u>Shepard v. United States</u>, 544 U.S. 13 (2005); <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), remains good law). Finally, we reject Penny's pro se arguments, which we find merit no additional discussion.

_____