# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3468

———————————————

United States of America

*Plaintiff - Appellee*

v.

Marco Antonio Hernandez Lopez

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: October 18, 2021
Filed: January 31, 2022

——————————

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.

——————————

ERICKSON, Circuit Judge.

Marco Antonio Hernandez Lopez appeals the below-guidelines sentence imposed by the district court[1] following his conviction under 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. For the reasons stated below, we affirm.

———————————————

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

## I. BACKGROUND

On October 8, 2019, law enforcement officers conducting surveillance observed four individuals perform a suspected drug transaction outside of the Flying J Truck Stop in Altoona, Iowa. One of the suspects, Michael Roy Marsh, cooperated with law enforcement and identified Hernandez Lopez as the source of the drugs. Marsh reported meeting Hernandez Lopez seven or eight times in Kansas City, and that he received five kilograms of methamphetamine from Lopez each of the last four times they met.

On November 14, 2019, Marsh conducted a controlled buy with Hernandez Lopez in Kansas City. Marsh gave Hernandez Lopez $4,000 to purchase 3,883 grams of methamphetamine. One month later, officers executed a search warrant at Hernandez Lopez's home, where he lived with his girlfriend Mayra Escamilla. Officers found approximately 6,289 grams (6.29 kilograms) of methamphetamine in the basement, as well as a scale and 136.9 more grams of methamphetamine in a closet under the basement stairs. A portion of the methamphetamine was being dried in the basement. Officers also seized $20,690 from a drawer in the footboard of the master bed, and a Glock handgun in the master closet. Escamilla told the officers that Hernandez Lopez did not allow her or the children to go into the basement, and that all of the personal property in the basement belonged to Hernandez Lopez.

Hernandez Lopez admitted to law enforcement that he sold methamphetamine for two individuals who reside in Mexico. He reported receiving monthly shipments of 25-40 kilograms that he then delivered to customers identified by his Mexican contacts. Hernandez Lopez sold one kilogram of methamphetamine for approximately $4,500. When Hernandez Lopez collected the drug proceeds, he would deliver them to a female courier for transport to Mexico.

Hernandez Lopez was charged with one count of conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing methamphetamine. He pled guilty in April 2020. At

sentencing, Hernandez Lopez raised two objections: he objected to a 2-level enhancement for maintaining a drug premises under USSG §2D1.1(b)(12) and he also argued he was entitled to a role reduction under USSG §3B1.2. The district court overruled both objections. The resulting guidelines range was 210-262 months. After applying a 12-month downward variance, the district court imposed a below-guidelines sentence of 198 months to be followed by 5 years of supervised release. Hernandez Lopez appeals, renewing his arguments under §§2D1.1(b)(12) and 3B1.2.

## II.   ANALYSIS

On appeal of a criminal sentence, we review the district court's interpretation of the guidelines *de novo*. United States v. Sykes, 854 F.3d 457, 459 (8th Cir. 2017). We review factual findings to support an enhancement for maintaining a drug premises under §2D1.1(b)(12) for clear error. United States v. Miller, 698 F.3d 699, 705 (8th Cir. 2012). Likewise, we review the district court's refusal to grant a role reduction under §3B1.2 for clear error. United States v. Bowie, 618 F.3d 802, 818 (8th Cir. 2010).

Guidelines §2D1.1(b)(12) provides for a 2-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." The enhancement applies to "a defendant who knowingly maintains a premises (*i.e.*, a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." §2D1.1(b)(12), comment. (n.17). In determining whether the defendant maintains a premises, we consider: (1) "whether the defendant held a possessory interest" in it; and (2) "the extent to which the defendant controlled access" to the space. Id. "Where the defendant lives in the house, this element is normally easily proved." Miller, 698 F.3d at 706 (quoting United States v. Verners, 53 F.3d 291, 296 (10th Cir. 1995)). And, while manufacturing or distribution need not be the sole purpose for which the premises

was maintained, it must be one of the "primary or principle uses for the premises," more than an "incidental or collateral" use. Id. at 706-07.

Hernandez Lopez argues the district court's application of §2D1.1(b)(12) was improper because the house was primarily a family home. This assertion is inconsistent with our precedent, which demonstrates that the enhancement applies when the defendant "uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also [his] family home at the times in question." Id. at 707. Here the officers found distribution-level quantities of methamphetamine and a scale in the basement of the house where Hernandez Lopez lived with Escamilla and her children. The evidence established Hernandez Lopez stored methamphetamine in the basement and he dried and prepared the methamphetamine for distribution in the basement. Escamilla told the officers that Hernandez Lopez did not allow her or the children into the basement, and only his belongings were stored there. And, while there is no evidence of actual distribution occurring in the basement, the commentary to §2D1.1(b)(12) explicitly states that maintaining a premises for the purpose of drug distribution includes storage of the drugs. USSG §2D1.1(b)(12), comment. (n.17); see also United States v. Garcia, 774 F.3d 472, 474-75 (8th Cir. 2014) (2-level enhancement appropriate where defendant stored drugs in a detached garage). The enhancement was appropriately applied here.

Hernandez Lopez also argues the district court erred by refusing his request for a minor role reduction under §3B1.2(b). The defendant bears the burden of proving a role reduction is warranted. United States v. Hogan, 539 F.3d 916, 926 (8th Cir. 2008). The reduction applies where the defendant is "less culpable than most other participants in the criminal activity." USSG §3B1.2, comment. (n.5). "[O]ur cases make it clear that merely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was deeply involved in the offense." United States v. Brown, 929 F.3d 1030, 1041 (8th Cir. 2019) (quoting United States v. Bradley, 643 F.3d 1121, 1129 (8th Cir. 2011)).

Hernandez Lopez cannot show the district court clearly erred in its findings relating to a role reduction. The record demonstrates co-defendants described multiple contacts with Hernandez Lopez over the course of multiple transactions to purchase kilogram quantities of methamphetamine. Officers seized large quantities of methamphetamine and cash at his house, and Hernandez Lopez knew the details of the enterprise's operation. He described the scope and structure of the distribution network, the prices charged, and the sources of the drugs. Not only did Hernandez Lopez deliver the drugs to the buyers, but he also returned the cash proceeds to his network. Hernandez Lopez's participation was arguably essential to the operation. The evidence supports the district court's factual findings regarding Hernandez Lopez's participation in the drug trafficking operation, and the district court did not err in refusing to apply the requested role reduction.

## III.    CONCLUSION

We affirm the judgment of the district court.

_____