# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2754
_____

United States of America

*Plaintiff - Appellee*

v.

Netzahualcoyotl Toledo Renteria, also known as Netzahualcoyotyl
Toledo-Renteria, also known as Netzahualcoyotl Toledo-Renteria

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: April 11, 2022
Filed: June 3, 2022
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Netzahualcoyotl Toledo Renteria pleaded guilty to conspiring to distribute methamphetamine. He appeals the application of two sentencing enhancements and

argues his counsel was ineffective. We affirm the judgment of the district court[1] as to the sentencing issues. We decline to address the ineffective assistance claim.

Mr. Renteria first challenges application of a three-level aggravating-role enhancement pursuant to U.S.S.G. § 3B1.1(b) (serving as "a manager or supervisor (but not an organizer or leader) [in] . . . criminal activity [that] involved five or more participants or was otherwise extensive"). We review the district court's factual findings for clear error and its interpretation of the guidelines de novo. United States v. Hernandez Lopez, 24 F.4th 1205, 1208 (8th Cir. 2022). We conclude the government proved by a preponderance of the evidence that Mr. Renteria served as a manager or supervisor. At a minimum, he directed his wife and another person to wire money out of the country and directed his wife as to the movement of methamphetamine and currency from his home. See United States v. Irlmeier, 750 F.3d 759, 763–64 (8th Cir. 2014) (construing "manager" and "supervisor" liberally and noting that the enhancement may apply even where leadership activity is limited to a single transaction or the supervision of one person). And here, the conspiracy was "otherwise extensive" based on the quantities of drugs and drug proceeds. U.S.S.G. § 3B1.1(b).

Mr. Renteria next challenges application of a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12), maintaining a premises for the purpose of distributing a controlled substance. Because Mr. Renteria did not raise this issue below, we review for plain error. See United States v. Campbell, 764 F.3d 874, 878 (8th Cir. 2014). We find no error, plain or otherwise, in application of the enhancement. Mr. Renteria set up purchases from his home, maintained paraphernalia at his home consistent with drug distribution, and otherwise used his home as a base of operations. In fact, he admitted in his plea agreement that he used his residence to weigh out and store

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

methamphetamine.  See U.S.S.G. § 2D1.1(b)(12), cmt. n.17 (the enhancement "applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution"); see also Hernandez Lopez, 24 F.4th at 1208 (the enhancement may apply where the premises is also a family home).

We do not address the issues surrounding performance of counsel at this time. A motion for collateral relief pursuant to 28 U.S.C. § 2255 is the proper vehicle for asserting claims regarding ineffective assistance and developing an appropriate record.  See United States v. Oliver, 950 F.3d 556, 566 (8th Cir. 2020) (noting that review of ineffective-assistance claims on direct appeal is appropriate only in narrow circumstances).

We affirm the judgment of the district court.

_____