# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3898

———————————————

United States of America

*Plaintiff - Appellee*

v.

Rafiel Lee Owens

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: December 12, 2022
Filed: February 21, 2023
[Unpublished]

——————————

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.

——————————

PER CURIAM

Rafiel Owens received a 212-month prison sentence after he pleaded guilty to drug and firearm crimes. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; 18 U.S.C. §§ 922(g)(1), 924(a)(2). Although he challenges a two-level "stash-house" enhancement and the reasonableness of the sentence, we affirm.

First, the record supports the finding that Owens "maintained" two motel rooms and a duplex "for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12); *see United States v. Hernandez Lopez*, 24 F.4th 1205, 1208 (8th Cir. 2022) (reviewing whether the defendant's home qualified as a stash house for clear error). Informants purchased heroin from him at the motel rooms, making drug dealing one of the "primary or princip[al]" ways he "use[d]" them. *Hernandez Lopez*, 24 F.4th at 1208 (citation omitted); *see* U.S.S.G. § 2D1.1 cmt. n.17. The same goes for the duplex, where a search uncovered methamphetamine, scales, and cutting agents. *See United States v. Milliner*, 765 F.3d 836, 840–41 (8th Cir. 2014). The fact that Owens also lived there does not change our conclusion. *See United States v. Miller*, 698 F.3d 699, 706–07 (8th Cir. 2012).

Second, the overall sentence is substantively reasonable. The district court[1] sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Sherrod*, 966 F.3d 748, 754–55 (8th Cir. 2020). Indeed, Owens sold drugs that killed two people, which led the court to vary upward from the recommended range of 151 to 188 months. *See* 18 U.S.C. § 3553(a)(2)(A) (noting that a sentence should "reflect the seriousness of the offense"). And although Owens believes he should have received a *downward* variance, the court was under no obligation to grant one. *See United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022).

We accordingly affirm the judgment of the district court.

———————————————

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.