# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-1624

———————————————

United States of America

*Plaintiff - Appellee*

v.

Daniel Rios

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa

——————————

Submitted: January 9, 2023
Filed: March 17, 2023
[Unpublished]

——————————

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Daniel Rios pled guilty to conspiracy to distribute marijuana and cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 846, and unlawful possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(3), and 924(a)(2).  In calculating

the sentence, the district court[1] applied a two-level enhancement for maintaining a drug premises pursuant to U.S.S.G. § 2D1.1(b)(12). It also added four criminal history points for crimes Rios committed as a juvenile because they fell within the five-year look-back period set forth in U.S.S.G. § 4A1.2(d)(2)(A). This led to a total offense level of 25, a criminal history category of IV, and a recommended United States Sentencing Guidelines ("Guidelines") range of 84–105 months. The district court sentenced Rios to 90 months of imprisonment.

Rios first contends the district court erred when it applied the two-level sentencing enhancement after finding Rios maintained a drug premises. Factual findings used to support a sentencing enhancement for maintaining a drug premises are reviewed for clear error. *United States v. Hernandez Lopez*, 24 F.4th 1205, 1208 (8th Cir. 2022). We review a district court's interpretation of the Guidelines de novo. *United States v. Sykes*, 854 F.3d 457, 459 (8th Cir. 2017).

Section 2D1.1(b)(12) of the Guidelines imposes a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance . . . ." In deciding whether the enhancement applies, courts should consider "whether the defendant held a possessory interest in (*e.g.*, owned or rented) the premises and . . . the extent to which the defendant controlled access to, or activities at, the premises." U.S.S.G. § 2D1.1 cmt. n.17. Moreover, while manufacturing a controlled substance "need not be the sole purpose for which the premises was maintained, [it] must be one of the defendant's primary or principal uses for the premises." *Id.*

The district court's finding that Rios maintained a drug premises is not clearly erroneous. In statements made to authorities after his arrest, Rios identified a room in the residence containing 60 pounds of marijuana as "his office." Rios also listed the address as his home on several personal documents, including his 2021 driver's

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

license and vehicle registration. Rios further listed the same address in connection with numerous wire transfers sent to Mexico, California, and Texas between March 2017 and December 2020. He also acknowledges that officers found "a suitcase with all of [his] clothes when law enforcement officers came to the residence." Moreover, there is video surveillance showing Rios conducting a drug transaction at the home.

Despite this evidence, Rios contends the residence cannot be considered a drug premises because it was used primarily as his mother's home. But this argument conflicts with our precedent. In *United States v. Hernandez Lopez*, we explained "the enhancement applies when a defendant 'uses the premises for the purpose of substantial drug-trafficking activities, *even if the premises was also* [*a*] *family home at the times in question*.'" 24 F.4th at 1208 (emphasis added) (quoting *United States v. Miller*, 698 F.3d 699, 707 (8th Cir. 2012). Thus, we conclude there was no error in the district court's application of the enhancement.

We next address whether the district court erred in adding four criminal history points for crimes Rios committed as a juvenile. Section 4A1.2(d)(2)(A) of the Guidelines instructs a sentencing judge to "add 2 points . . . for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." "Decisions regarding offenses counted in a criminal history calculation are factual determinations subject to clear-error review." *United States v. Townsend*, 408 F.3d 1020, 1022 (8th Cir. 2005).

In 2012, Rios was arrested and charged on two separate occasions for crimes he committed as a juvenile. On March 8, 2012, Rios was arrested and charged with various drug crimes and failure to affix a tax stamp. On March 27, 2012, he was arrested and charged with first-degree harassment and theft. The State of Iowa adjudicated Rios delinquent on both charges and placed him in the Iowa State Training School on April 13, 2012. The state released him from the training school on November 2, 2012, the date used to determine which juvenile offenses fall within

the five-year look-back period under § 4A1.2(d)(2)(A). Rios previously admitted in his plea agreement that he made wire transfers to Mexico, Texas, and California for drug-related activity between October 2017 and January 2020.[2] November 2, 2012, the date Rios was released from the training school, falls within five years of October 2017. Thus, the district court did not clearly err by adding the criminal history points for Rios's juvenile crimes.

We now address Rios's final argument that the district court's sentence was substantively unreasonable because the district court failed to grant a downward variance. "[W]e review the sentence for substantive reasonableness under an abuse of discretion standard." *United States v. Boyum*, 54 F.4th 1012, 1015 (8th Cir. 2022). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). No abuse of discretion occurred here.

The district court sentenced Rios to 90 months of imprisonment, which fell within the Guideline's recommendation of 84–105 months. The sentence is thus presumed to be substantively reasonable. *United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017). Moreover, nothing in the record indicates the district court otherwise abused its discretion when imposing the sentence. It properly considered the sentencing factors set forth in 18 U.S.C. § 3553(a), focusing on Rios's family support, criminal history, drug addiction, and mental health, as well as the seriousness of the offense, the need to protect the public from further criminal activity, and Rios's post-offense cooperation. *See id.*, 866 F.3d at 920 ("[D]istrict

---

[2]On appeal, Rios claims several of the wire transfers were not drug related, and thus it is possible the drug-related activity did not begin within the five-year look-back period. We reject this argument because Rios's admission in the factual basis supporting his guilty plea recognized the drug-related transactions occurred from October 2017 to December 2020. The district court did not clearly err by relying on this admission.

-4-

courts are allowed wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.") (alteration in original) (quoting *United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014)).  Thus, the district court did not abuse its discretion when it sentenced Rios to 90 months of imprisonment.

For these reasons, the judgment of the district court is affirmed.

_____