# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3727
_____

United States of America

*Plaintiff - Appellee*

v.

Benjamin Valdez, also known as Ben

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: January 13, 2023
Filed: June 2, 2023
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Benjamin Valdez pleaded guilty to one count of distributing more than five grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and the district court[1] imposed a sentence of 262 months'

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

imprisonment. Valdez appeals, asserting that the district court erred in applying a two-level enhancement for maintaining a drug premises.

The Guidelines provide for a two-level enhancement if "the defendant maintained a premises *for the purpose of* manufacturing or distributing a controlled substance." United States Sentencing Guidelines § 2D1.1(b)(12) (2018) (emphasis added). For the enhancement to apply, manufacturing or distributing drugs "need not be the sole purpose for which the premises was maintained," but it must be one of the "primary" uses, rather than an "incidental or collateral" use. USSG § 2D1.1, comment. (n.17); see also United States v. Hernandez Lopez, 24 F.4th 1205, 1208 (8th Cir. 2022).

Valdez argues that there is insufficient evidence to support the application of the enhancement. Specifically, he challenges the district court's finding that he used a "shop" building located at his family residence in Paris, Arkansas, for the "primary" purpose of distributing methamphetamine.[2] We review for clear error a district court's factual findings supporting an enhancement for maintaining a drug premises under § 2D1.1(b)(12). Hernandez Lopez, 24 F.4th at 1208. We will reverse only if, upon review of the entire evidence, we are "left with the definite and firm conviction that a mistake has been committed." United States v. Perry, 437 F.3d 782, 786 (8th Cir. 2006) (citation omitted).

We conclude the district court did not clearly err. The record shows that Valdez conducted drug transactions and stored methamphetamine inside the shop. During two controlled buys, Valdez sold methamphetamine to a confidential informant (CI) inside the shop. And during one of those buys, Valdez expressly

---

[2]Valdez does not challenge on appeal the district court's finding that he had a possessory interest in and controlled access to the shop. See United States v. Anwar, 880 F.3d 958, 971 (8th Cir. 2018) (explaining that to "determine whether a defendant maintained a [drug] premises," a court must consider "whether the defendant had a possessory interest in the premises and the extent to which the defendant controlled access to, or activities at, the premises" (citation omitted)).

instructed the CI to "come to his shop in Paris" to retrieve the drugs. Officers conducting surveillance also heard Valdez in the shop discussing a methamphetamine sale to an interested buyer. And a confidential source—who reported obtaining methamphetamine from Valdez for many years—informed officers that Valdez stored both methamphetamine and cash at the shop. See USSG § 2D1.1(b)(12), comment. (n.17) (providing that the drug-premises enhancement applies when premises are maintained for "storage of a controlled substance for the purpose of distribution"); cf. Hernandez Lopez, 24 F.4th at 1208 (concluding district court did not err by applying the enhancement where "evidence established [the defendant] stored methamphetamine in the basement").

While Valdez contends that application of the enhancement was improper because no drugs were found during a search of the shop and because he conducted his drug activities at additional locations other than the shop, we are unpersuaded. See United States v. Armstrong, 60 F.4th 1151, 1169 (8th Cir. 2023) ("That officers were unable to recover an appreciable quantity of drugs from the premises during their investigation does not convince us that a premises enhancement was improper."); Anwar, 880 F.3d at 965, 971–72 (affirming application of enhancement based on evidence of drug activities at one store, even though defendant also conducted drug activities at other locations). On this record, we cannot say the evidence supporting the district court's finding is so lacking that reversal is appropriate. See Perry, 437 F.3d at 786.

The judgment of the district court is affirmed.

_____