# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1790
_____

United States of America

*Plaintiff - Appellee*

v.

James W. Fithen, Jr., also known as Boss

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: December 11, 2023
Filed: February 14, 2024
[Unpublished]
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Defendant James W. Fithen, Jr., pleaded guilty to conspiring to distribute 50 grams or more of methamphetamine and aiding and abetting the attempted possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

846, 851, and 18 U.S.C. § 2. He also consented to a $3.6 million forfeiture. He now appeals his 336-month sentence. We affirm.

The statutory sentencing range for Mr. Fithen's offenses was fifteen years to life imprisonment. He challenged the Presentence Investigation Report's (PSR) drug-quantity recommendation as relevant to establishing his base offense level under United States Sentencing Guideline § 2D1.1(c). He also challenged the application of several enhancements as follows: two levels for the possession of a firearm in connection with the conspiracy, U.S.S.G. § 2D1.1(b)(1); two levels for the use of violence, U.S.S.G. § 2D1.1(b)(2); two levels for the importation of drugs, U.S.S.G. § 2D1.1(b)(5); and four levels for his role as an organizer or leader, U.S.S.G. § 3B1.1(a).

The district court[1] found the relevant drug quantity to be greater than 4.5 kg resulting in a base offense level of 38.[2] The district court also rejected Mr. Fithen's challenges to the enhancements, resulting in an adjusted offense level greater than 43. As such, pursuant to U.S.S.G. § 5.A. cmt. n.2, Mr. Fithen's offense level was 43. At Criminal History Category III, his advisory Guidelines "range" was life imprisonment. The government argued for a 480-month sentence, and Mr. Fithen argued for 240 months. The district court rejected both suggestions, varied downward, and imposed a sentence of 336 months. The district court discussed the factors under 18 U.S.C. § 3553(a), Mr. Fithen's and his co-conspirators' roles in the conspiracy, and the other conspirators' sentences.

Mr. Fithen now argues that the district court erred regarding two of the Guideline enhancements he challenged at the district court because the district court

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

[2]At sentencing, when discussing the drug quantity determination, the district court referenced a base offense level of 38 and stated its quantity conclusion, but later referenced a base offense level of 35. Reading the transcript as a whole, the isolated reference to a base offense level of 35 was just an isolated misstatement.

relied upon select public records—his co-conspirators' plea agreements and stipulations—without providing advance notice it would do so. As to this narrow, notice-based evidentiary challenge, we note Mr. Fithen stipulated in the district court that, if called to testify, officers would testify consistently with statements and materials contained in an appendix to the government's sentencing brief, including statements from co-conspirators. Accordingly, Mr. Fithen expressly waived evidentiary challenges he might otherwise assert regarding reliance on the contents of the appendix. *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 670–71 (8th Cir. 2016) ("A waiver . . . is 'the intentional relinquishment or abandonment of a known right,' whereas forfeiture is 'the failure to make the timely assertion of a right.'" (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993))). "Waiver precludes appellate review, while forfeiture limits consideration to a rigorous plain-error standard." *Id.*[3] Regarding the district court's reliance on public materials from the files of his co-conspirators not found in the stipulated appendix, Mr. Fithen made no objection. As such, we review his notice-based challenge to the district court's reliance on such records only for plain error. *Id.*

Plain error review permits us to grant relief if we find an error that was (1) plain or "obvious" under existing law at the time the error occurred and (2) negatively affected the appellant's "substantial rights." *Olano*, 507 U.S. at 733–34. Even when these conditions are met, relief is discretionary. *Id.* at 736 ("The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936))). The appellant bears the burden of proving plain error. *See United States v. Pirani*, 406 F.3d 543, 551 (8th Cir. 2005).

Here, even assuming a notice-based evidentiary error occurred that might be described as plain or obvious, there has been no showing that it affected Mr. Fithen's substantial rights, and we find nothing to impugn the integrity of the court. He does

---

[3]In fact, he expressly concedes this point in his reply brief.

not articulate precisely what information from his co-conspirators' plea agreements and stipulations was both used by the district court and absent from the appendix to which he consented. Further, he has not articulated how advance notice of possible reliance on any such public materials would have altered his case. He argues generally that the district court relied on the plea agreements and stipulations to assess his co-conspirators' veracity. But he does not indicate how any specific records affected his rights. Rather, he asserts that with greater notice, "he might have considered calling the co-defendants as witnesses" or "he might have sought other admissible evidence challenging their veracity." Finally, we note that Mr. Fithen's defense had access to these related case materials below and referenced his co-conspirators' records at sentencing when making arguments comparing his situation to that of his co-conspirators. This is not an appropriate case for plain-error relief.

Turning to his Guidelines arguments, we review the district court's factual determinations for clear error and its interpretation of the Guidelines de novo. *See United States v. Hernandez Lopez*, 24 F.4th 1205, 1208 (8th Cir. 2022). Mr. Fithen argues the relevant drug quantity should have been 2.5 kg of methamphetamine based on a quantity discovered by officers during their investigation. We reject his argument. The district court permissibly approximated the quantity to be greater than 4.5 kg based in part on Mr. Fithen's own statements. He stated that he owed suppliers $80,000 and the 2.5 kg of methamphetamine alone cost $25,000. By any conservative measure of conversion, the district court did not clearly err in finding the additional money represented at least an additional 2 kg of methamphetamine. *See United States v. Padilla-Pena*, 129 F.3d 457, 467–68 (8th Cir. 1997) ("In determining base offense levels, the district court may rely on evidence including drug prices and organizational capabilities to approximate total drug quantities beyond the amount of drugs actually seized.").

Mr. Fithen also challenges the firearm enhancement. During the conspiracy, an officer saw Mr. Fithen point a firearm at another co-conspirator, Mr. Fithen

entered an *Alford* plea[4] to a firearm charge, and Mr. Fithen called the sheriff's department to ask about the return of his gun after officers confiscated a gun from his ex-wife's home.   Courts may infer the requisite connection between a firearm and drug dealing based on a logical or spatial nexus when facts do not otherwise show a connection is "improbable." U.S.S.G. § 2D1.1(b) cmt. n.11(A) ("The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."); *see also United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008) (the government must "show that it is not clearly improbable that the weapon was connected to the drug offense"). Here, especially in light of the fact that an officer saw Mr. Fithen point a firearm at a co-conspirator, we find no clear error.

We affirm the judgment of the district court.

_____

---

[4]*North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting guilty plea without admission of guilt based on concession that evidence is sufficient to prove guilt).